# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. F10-00091-DMD<br><br>RONALD D. ROCKSTAD,<br><br>Debtor. | Chapter 7<br><br>**Filed On**<br>**6/15/11** |
| UNITED STATES TRUSTEE, and LARRY D. COMPTON, Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>RONALD D. ROCKSTAD,<br><br>Defendant. | Adv. No. F10-90034-DMD |

## MEMORANDUM ON SUMMARY JUDGMENT

This is an action to deny discharge. Jurisdiction arises pursuant to 28 U.S.C. § 157(b)(2)(J) and the district court's order of reference. The plaintiffs have filed a motion for summary judgment. I find for the plaintiffs on their count arising under § 1228(a) of BAPCPA. I find for the defendant on all other counts.

Background

The defendant is a Fairbanks realtor. His ex-wife, Lauren Rockstad, sought to foreclose on three of his properties. The defendant filed for Chapter 13 relief to stop the

foreclosures in February of 2010.[1] The case was converted to Chapter 7 on May 11, 2010.[2] Larry Compton was appointed the Chapter 7 trustee. Mr. Compton has been liquidating the debtor's real and personal property. After several extensions, the U.S. Trustee filed a complaint objecting to the debtor's discharge on December 30, 2010.[3] The complaint seeks denial of discharge under 11 U.S.C. § § 727(a)(2), (a)(3), (a)(4), (a)(5), (a)(6) and § 1228 of BAPCPA.

Summary Judgment

Rule 7056, F.R. Bankr. P., adopts Rule 56, F.R.Civ.P. Rule 56(a) provides for summary judgment when there is no dispute as to the material facts and the moving party is entitled to judgment as a matter of law. As noted by Collier:

> Under Civil Rule 56, the movant bears the initial burden to show that no material issue of fact exists. The movant must inform the court of the basis for its motion and identify the portions of the record that demonstrate the absence of a genuine issue of material fact. Once the movant demonstrates from the record that there are no genuine issues of material fact, the burden of proof shifts to the party opposing summary judgment to establish that questions of fact exist. The court must view the evidence in a light most favorable to the nonmoving party. Any doubt as

---

[1] Case No. 10-00091, Docket No. 1.

[2] Case No. 10-00091, Docket Nos. 31 and 32.

[3] Docket No. 1.

2

> to the existence of genuine issues of fact will be resolved against the moving party.[4]

§ 727(a)(2)

11 U.S.C. § 727(a)(2) provides for denial of discharge when:

> [T]he debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed–
> (A) property of the debtor, within one year before the date of the filing of the petition; or
> (B) property of the estate, after the date of the filing of the petition.

The burden of proof is on the creditor to prove the elements of § 727(a)(2) by a preponderance of the evidence.[5]

Failure to file complete and accurate pleadings can constitute an act of concealment of property.[6] Here the debtor's schedules failed to list lots in the Geskamina Lake subdivision and the Kidamina Lake subdivision. The debtor also failed to list three mining claims, a co-tenancy interest in North Dakota real property, and delinquent rent claims against tenants in his schedules. In his answer, the debtor alleges that the lake lots

---

[4] 10 COLLIER ON BANKRUPTCY ¶ 7056.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (footnotes omitted).

[5] *Peterson v. Scott (In re Scott),* 172 F.3d 959, 966-967 (7th Cir. 1999).

[6] *Peterson v. Scott (In re Scott),* 172 F.3d at 967-968.

were purchased on contracts for deed that the state could "withdraw" at any time.[7] He alleges that he had no intent to hide the lots.[8] The debtor does not respond directly to allegations regarding the mining property, although he generally alleges a lack of intent to defraud in his affidavit. The North Dakota co-tenancy interest was disclosed to Gary Spraker during the 2004 examination.[9] The debtor also stated that he had claims for delinquent rent during the 2004 examination[10] and the debtor did list 22 properties having a value of $1.724 million in his Schedule A. Looking at the evidence in the light most favorable to the debtor, he did not have the intent to hinder, delay or defraud his creditors by failing to list the property interests, mining claims and rent claims. He simply overlooked those interests when preparing his schedules. The debtor's intent is in dispute, and any doubt as to his intent should be resolved in his favor. Summary judgment for the plaintiffs on grounds of concealing property will be denied.

The plaintiffs allege that the debtor erred by not listing alimony due his ex-wife in his schedules. That may well be the case, but it does not fit under § 727(a)(2), which deals primarily with pre and post petition fraudulent transfers of property.

The plaintiffs allege that the debtor is not credible with regard to issues surrounding his firearms collection. I agree, but that is not a basis for summary judgment

---

[7] Docket No. 7, ¶¶ 23 and 24.

[8] *Id.*

[9] Docket No. 11, Exhibit 7, pages 20-21.

[10] Docket No. 11, Exhibit 7, page 48.

under § 727(a)(2). The $100,000 deed of trust is also not subject to summary judgment when the defendant maintains it was a legitimate arms-length transaction. All of the plaintiffs' § 727(a)(2) claims are not subject to summary judgment.

§ 727(a)(3)

>  11 U.S.C. § 727(a)(3) provides for denial of discharge when:
>
>> [T]he debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

The United States trustee required the debtor to produce business records at a second 2004 examination held August 5, 2010. The debtor alleges that his business records were located at his Airport Way property and destroyed by the purchaser of the property. In other pleadings the debtor has indicated that he had the records necessary to complete his tax returns.[11] Viewing the evidence most favorably to the debtor, he has a defense to the trustee's (a)(3) allegations. Summary judgment is not warranted under § 727(a)(3).

---

[11] Case No. 10-00091, Docket No. 28, page 5.

§ 727(a)(4)

11 U.S.C. § 727(a)(4) provides for denial of discharge when the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account. The plaintiffs allege that Rockstad failed to schedule his co-tenancy interests in North Dakota real property, three mining claims, two contracts for deed on lake properties and two secured creditors. He also failed to list unsecured claims for utilities and insurance as well as property taxes. Additionally, Rockstad failed to list the spousal support due his ex-wife in Schedule E. Rockstad did mention the co-tenancy interests to Gary Spraker during a 2004 examination. Rockstad has failed to amend his schedules to correct the errors. Again, Rockstad alleges that his errors were not the result of any fraudulent intent on his part.

Unquestionably, Rockstad has done a poor job of preparing his schedules. As with § 727(a)(2), however, summary judgment is not appropriate. Looking at the evidence in the light most favorable to the debtor, he simply made mistakes in scheduling his assets and liabilities. The debtor's intent is in dispute and any doubt as to his intent should be resolved in his favor. Summary judgment for the plaintiffs must be denied.

§ 727(a)(5)

A debtor's discharge may be denied if "the debtor has failed to explain satisfactorily, before determination of denial of discharge . . . any loss of assets or deficiency

6

of assets to meet the debtor's liabilities."[12] The debtor listed a lengthy inventory of firearms in his schedules. 108 of the inventoried firearms are missing. The debtor maintains that they must have been stolen over the past six to eight years. There is a disputed fact regarding disposition of the weapons. While the debtor's explanation may be "unbelievable" to the plaintiffs, that does not mean they are entitled to summary judgment. Disputed material facts must be resolved by the trier of fact at trial.

§ 727(a)(6)

A debtor will not receive a discharge if he has refused "to obey any lawful order of the court."[13] The plaintiffs allege that the defendant failed to produce his business records to the trustee for a 2004 examination. The debtor alleges that the trustee sold his business records with the Airport Way property. The debtor also asserted that he had the business records necessary to prepare his delinquent 2003 to 2009 tax returns. Facts are in dispute that should be resolved at trial. Viewing the evidence most favorably to the defendant, he lost his business records through the trustee's sale of real estate. Summary judgment is inappropriate.

The plaintiffs also allege that the debtor failed to obey a turnover order on the firearms. There are disputed facts regarding the firearms that must be resolved through trial. Credibility will be assessed at trial, not through the summary judgment process.

---

[12] 11 U.S.C. § 727(a)(5).

[13] 11 U.S.C. § 727(a)(6)(A).

§ 1228 of BAPCPA

The defendant has not prepared or filed tax returns for tax years 2003 through 2009, despite requests from the trustee that he do so, and tax documents have not been provided to the court for those years. Section 1228 of BAPCPA, 119 STAT. 200, Public Law 109-8, April 20, 2005, provides: "The court shall not grant a discharge in the case of an individual who is a debtor in a case under chapter 7 of title 11, United States Code, unless requested tax documents have been provided to the court."[14] There are no exceptions to this strict liability statute. The debtor's intent is immaterial. Blaming the trustee for loss of records does not provide a defense. The debtor has either provided the tax returns or he has not. Here the debtor has not complied with the statute. The plaintiffs are entitled to summary judgment on this count.

Post-Petition Cash

The plaintiffs have filed several affidavits in support of their contention that the debtor took post-petition cash belonging to the estate in the approximate sum of $21,627.95. There is no allegation regarding the post-petition cash in the plaintiffs' complaint or their motion for summary judgment, however. I am unable to grant summary judgment on a claim that has not been made. I suggest that the plaintiffs file a motion for leave to file an amended complaint if they wish to pursue the matter further.

---

[14] A copy of § 1228 is attached hereto.

Conclusion

        The plaintiffs' motion for summary judgment will be denied as to all counts except § 1228 of BAPCPA.  An appropriate order will be entered.  A new scheduling conference will be set to schedule trial in Fairbanks on the unresolved counts.

        DATED:  June 15, 2011.

                            BY THE COURT

                            /s/ Donald MacDonald IV
                            DONALD MacDONALD IV
                            United States Bankruptcy Judge

Serve:  K. Hill, Esq.
       S. Jason Crawford, Esq.
       J. DeWitt, Esq.

        06/15/11

119 STAT. 200  PUBLIC LAW 109–8—APR. 20, 2005

a security interest in such goods or the proceeds thereof, the rights and powers of the trustee under sections 544(a), 545, 547, and 549 are subject to the right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of the commencement of a case under this title, but such seller may not reclaim such goods unless such seller demands in writing reclamation of such goods—

"(A) not later than 45 days after the date of receipt of such goods by the debtor; or

"(B) not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case.

"(2) If a seller of goods fails to provide notice in the manner described in paragraph (1), the seller still may assert the rights contained in section 503(b)(9).".

(b) ADMINISTRATIVE EXPENSES.—Section 503(b) of title 11, United States Code, as amended by sections 445 and 1103, is amended by adding at the end the following:

"(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.".

11 USC 521 note.

**SEC. 1228. PROVIDING REQUESTED TAX DOCUMENTS TO THE COURT.**

(a) CHAPTER 7 CASES.—The court shall not grant a discharge in the case of an individual who is a debtor in a case under chapter 7 of title 11, United States Code, unless requested tax documents have been provided to the court.

(b) CHAPTER 11 AND CHAPTER 13 CASES.—The court shall not confirm a plan of reorganization in the case of an individual under chapter 11 or 13 of title 11, United States Code, unless requested tax documents have been filed with the court.

Deadline.

(c) DOCUMENT RETENTION.—The court shall destroy documents submitted in support of a bankruptcy claim not sooner than 3 years after the date of the conclusion of a case filed by an individual under chapter 7, 11, or 13 of title 11, United States Code. In the event of a pending audit or enforcement action, the court may extend the time for destruction of such requested tax documents.

**SEC. 1229. ENCOURAGING CREDITWORTHINESS.**

(a) SENSE OF THE CONGRESS.—It is the sense of the Congress that—

(1) certain lenders may sometimes offer credit to consumers indiscriminately, without taking steps to ensure that consumers are capable of repaying the resulting debt, and in a manner which may encourage certain consumers to accumulate additional debt; and

(2) resulting consumer debt may increasingly be a major contributing factor to consumer insolvency.

(b) STUDY REQUIRED.—The Board of Governors of the Federal Reserve System (hereafter in this section referred to as the "Board") shall conduct a study of—

(1) consumer credit industry practices of soliciting and extending credit—

(A) indiscriminately;